**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter __**11**__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Fibersphere Communications LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **20-4430163** |

**4.  Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **7245 NE Evergreen Parkway**<br>**Hillsboro, OR 97124**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Washington**<br>County | **Location of principal assets, if different from principal place of business**<br>**350 Franklin Gateway**<br>**Suite 300 Marietta, GA 30067**<br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.gigamonsternetworks.com** |

**6.  Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify:

Debtor   **Fibersphere Communications LLC**                                     Case number (*if known*) _____
_____
         Name

**7.**  **Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

     5179

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.**  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

| Debtor | **Fibersphere Communications LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | **See Rider 1 attached hereto** | Relationship | **Affiliate** |
| District | **Delaware** | When | Case number, if known |

**11. Why is the case filed in *this district?***

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
■ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
■ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **Fibersphere Communications LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
■ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **Fibersphere Communications LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 16, 2023**
  MM / DD / YYYY

X **/s/ Rian Branning**                                          **Rian Branning**
  Signature of authorized representative of debtor       Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

X **/s/ Laura Davis Jones**                         Date    **January 16, 2023**
  Signature of attorney for debtor                                    MM / DD / YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street**
**17th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **302-652-4100**        Email address    **ljones@pszjlaw.com**

**2436 DE**
Bar number and State

**Rider 1 to Voluntary Petition**

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.

1.      GigaMonster Networks, LLC

2.      Gigasphere Holdings LLC

3.      GigaMonster, LLC

4.      Fibersphere Communications LLC

5.      Fibersphere Communications of California LLC

**ACTION BY WRITTEN CONSENT OF THE SOLE SERVING MEMBER
OF THE BOARD OF MANAGERS AND
SOLE SERVING MEMBER OF THE RESTRUCTURING COMMITTEE**

Effective as of January 16, 2023

Michael T. Sullivan (the "***Independent Manager***"), the sole serving member of the Board of Managers and sole serving member of the Restructuring Committee of GigaSphere Holdings LLC, a Delaware limited liability company (the "***Company***"), hereby adopts the following resolutions by written consent pursuant to the Delaware General Corporation Law and directs that this Action by Written Consent be filed in the records of the Company.

**WHEREAS**, pursuant to Section 5.2(a)(iii) and 5.2(d) of that certain Second Amended and Restated Limited Liability Company Agreement of the Company, dated as of November 7, 2019, (as subsequently amended, the "***Operating Agreement***"), and by written consent dated September 22, 2022 (the "***September 22 Consent***"), Michael T. Sullivan was (a) appointed as a member of the Board of Managers of the Company by the agreement of the Barings Managers (as defined in the Operating Agreement) and the CEO Manager (as defined in the Operating Agreement) and (b) named as member of the Restructuring Committee for the Company;

**WHEREAS**, pursuant to the Operating Agreement and the September 22 Consent, the Restructuring Committee was delegated the authority to make any and all decisions deemed necessary or advisable by the Restructuring Committee, in its sole discretion, in connection with the potential restructuring of the Company and its subsidiaries, including, without limitation, the authority to file a petition in bankruptcy for relief under any state or federal insolvency laws;

**WHEREAS,** pursuant to Section 5.1(d) of the Operating Agreement, the Members of the Company holding a majority of all of the issued and outstanding Preferred Units of the Company (the "***Majority Interest***") have waived their right to consent to the resolutions contained herein;

**WHEREAS**, the Independent Manager has reviewed the historical performance of the Company and its subsidiaries and the current and long-term liabilities of the Company and its subsidiaries;

**WHEREAS**, the Independent Manager has reviewed the materials presented by the management of and the advisors to the Company regarding the strategic alternatives available to it, and the impact of the foregoing on the Company's business and its stakeholders;

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Independent Manager, it is desirable and in the best interests of the Company, its creditors, employees, stockholders and other stakeholders that a petition be filed by the Company and its subsidiaries, GigaMonster Networks, LLC, a Delaware limited liability company, GigaMonster,

LLC, a Florida limited liability company, Fibersphere Communications LLC, an Oregon limited liability company, and Fibersphere Communications of California LLC, a California limited liability company (collectively with the Company, the "*Companies*") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*");

   **RESOLVED**, that the officers of the Companies, including their Chief Restructuring Officer (each, an "*Authorized Officer*") be, and each of them hereby is, authorized, empowered and directed on behalf of the Companies to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the Companies' chapter 11 case, with a view to the successful prosecution of such case;

   **RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of the Companies to retain the law firm of Pachulski Stang Ziehl & Jones LLP ("*PSZ&J*") as bankruptcy counsel  to represent and assist the Companies in carrying out its and their duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Companies' rights in connection therewith, and the Authorized Officers be, and each of them hereby is, authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PSZ&J;

   **RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of the Company to retain the services of Novo Advisors LLC ("*Novo*") as the Companies' restructuring advisor and, in connection therewith, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Novo;

   **RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of the Companies to retain the services of Bank Street Group LLC ("*Bank Street*") as the Companies' investment banker and, in connection therewith, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Bank Street;

   **RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of the Companies to employ any other professionals necessary to assist the Companies in carrying out their duties under the Bankruptcy Code and, in connection therewith, to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

2

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of the Companies to obtain post-petition financing according to terms which may be negotiated by the management of the Companies, including under debtor-in-possession credit facilities or the use of cash collateral; and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement and, in connection therewith, to execute appropriate loan agreements, cash collateral agreements and related ancillary documents;

**RESOLVED**, that in the judgment of the Independent Manager, it is desirable and in the best interests of the Companies that the Companies sell substantially all of their assets and, therefore, the Companies are each hereby authorized to enter into an asset purchase agreement to effectuate such sale on such terms that management determines will maximize value, and the Companies are further authorized to file a motion to approve such sale and for any related relief, or to approve a sale to a higher and better bidder, and to close such sale, subject to bankruptcy court approval in the Company's and its subsidiaries' chapter 11 proceedings;

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of the Companies to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a chapter 11 plan and related disclosure statement; and

**RESOLVED**, that any and all actions heretofore taken by any Authorized Officer of the Companies in the name and on behalf of any Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

3

**IN WITNESS WHEREOF**, the undersigned have executed this Action by Written Consent as of the date first written above.

**INDEPENDENT MANAGER:**

_____
Michael T. Sullivan,
in his capacity as the sole serving member of
the Board of Managers and the sole serving
member of the Restructuring Committee

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT OF THE SOLE SERVING
MEMBER OF THE BOARD OF MANAGERS AND THE SOLE SERVING MEMBER
OF THE RESTRUCTURING COMMITTEE OF GIGASPHERE HOLDINGS LLC]*

SGR/41837343.2

**OMNIBUS WRITTEN CONSENT OF THE SOLE MEMBER OF EACH OF:**

**GIGAMONSTER NETWORKS, LLC**
**GIGAMONSTER, LLC**
**FIBERSPHERE COMMUNICATIONS LLC**
**FIBERSPHERE COMMUNICATIONS OF CALIFORNIA LLC**

Effective as of January 16, 2023

Each of the undersigned, being (as indicated on the signature page hereof) the sole member (a "**Sole Member**") of: (i) **GigaMonster Networks, LLC**, a Delaware limited liability company; (ii) **GigaMonster, LLC**, a Florida limited liability company; (iii) **Fibersphere Communications LLC**, an Oregon limited liability company; and/or (iv) **Fibersphere Communication of California, LLC**, a California limited liability company (each individually a "**Company**" and together, the "**Companies**"), pursuant to laws of the Companies' respective states of organization and the applicable governing documents of each of the Companies, does hereby consent to the adoption of the resolutions set forth below with the same force and effect as though adopted at a meeting duly called and held for the purpose of acting upon proposals to adopt such resolutions, and direct that this Omnibus Written Consent be filed in the records of each Company.

**WHEREAS**, the Sole Member has reviewed the historical performance and the current and long-term liabilities of each Company of which it is the sole Member (any such Company, a "**Relevant Company**");

**WHEREAS**, the Sole Member has reviewed the materials presented by the management of and the advisors to each of its Relevant Companies regarding the strategic alternatives available to them, and the impact of the foregoing on the business and stakeholders of each of such Relevant Companies;

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of each of the Sole Members, it is desirable and in the best interests of its Relevant Companies, their creditors, employees, stockholders and other stakeholders, that a petition be filed by the Relevant Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**RESOLVED**, that the officers of each Relevant Company (each with respect to such Relevant Company of which he or she is an officer, an "**Authorized Officer**") be, and each of them hereby is, authorized, empowered and directed on behalf of each of their Relevant Companies to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the chapter 11 case of such Relevant Company, with a view to the successful prosecution of such cases;

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of their respective Relevant Companies to retain

the law firm of Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**") as bankruptcy counsel to represent and assist each such Relevant Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance each of such Relevant Company's rights in connection therewith, and to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PSZ&J;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of their respective Relevant Companies to retain the services of Novo Advisors LLC ("**Novo**") as restructuring advisor, and in connection therewith, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Novo;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of their respective Relevant Companies to retain the services of Bank Street Group LLC ("**Bank Street**") as each such Relevant Company's investment banker and, in connection therewith, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Bank Street;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of their respective Relevant Companies to employ any other professionals necessary to assist each such Relevant Company in carrying out its duties under the Bankruptcy Code and, in connection therewith, to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 cases and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of their respective Relevant Companies to obtain post-petition financing according to terms which may be negotiated by the management of each such Relevant Company, including under debtor-in-possession credit facilities or the use of cash collateral, and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement and, in connection therewith, to execute appropriate loan agreements, cash collateral agreements and related ancillary documents;

RESOLVED, that in the judgment of each of the Sole Members, it is desirable and in the best interests of their respective Relevant Companies that each such Relevant Company sell substantially all of its assets and, therefore, each such Relevant Company is hereby authorized to enter into an asset purchase agreement to effectuate such sale on such terms that management determines will maximize value, and each such Relevant Company is further authorized to file a motion to approve such sale and for any related relief, or to approve a sale to a higher and better bidder, and to close such sale, subject to bankruptcy court approval in such Relevant Company's chapter 11 proceedings;

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of their respective Relevant Companies to take any and all actions, to execute, deliver, certify, file, and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate successful chapter 11 cases, including, but not limited to the development, filing and prosecution to confirmation of  a chapter 11 plan and related disclosure statement; and

**RESOLVED**, that any and all actions heretofore taken by any Authorized Officer in the name or on behalf of any of their respective Relevant Companies in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Written Consent as of the date first written above.

**GIGASPHERE HOLDINGS LLC**
(as sole member of GigaMonster Networks, LLC)

By: _____
    Name:  Rian Branning
    Title:   Chief Restructuring Officer

**GIGAMONSTER NETWORKS, LLC**
(as sole member of GigaMonster, LLC)

By: _____
    Name:  Rian Branning
    Title:   Chief Restructuring Officer

**GIGAMONSTER NETWORKS. LLC**
(as sole member of Fibersphere Communications LLC)

By: _____
    Name:  Rian Branning
    Title:   Chief Restructuring Officer

**FIBERSPHERE COMMUNICATIONS LLC**
(as sole member of Fibersphere Communications of California LLC)

By: _____
    Name:  Rian Branning
    Title:   Chief Restructuring Officer

*[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT OF THE SOLE MEMBER]*

**Fill in this information to identify the case:**

Debtor name  FIBERSPHERE COMMUNICATIONS LLC

United States Bankruptcy Court for the District of Delaware

                                                    (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

<u>Official Form 204</u>

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis)    **12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. Zayo Group, LLC<br>PO Box 952136<br>Dallas, TX 75395-2136 | Britt Bischoff<br>Tel: 847.514.4220<br>Britt.bischoff@zayo.com | Vendor | | | | $446,723.96 |
| 2. Raisecom<br>7850 Ulmerton Road Suite 7A<br>Largo, FL 33771 | Keith Zalenski<br>Tel: 214.738.6493<br>kzalenski@rasiecom.com | Trade Debt | | | | $290,794.70 |
| 3. AT&T<br>PO Box 5019<br>Carol Stream, IL 60197-5019 | Brent Armstrong<br>Tel: 404.218.5407<br>BA4553@att.com | Vendor | | | | $281,962.76 |
| 4. Equinix Inc.<br>4252 Solutions Center<br>Chicago, IL 60677-4002 | Carrie Payne<br>Tel: 650.598.6173<br>capayne@equinix.com | Vendor | | | | $148,803.82 |
| 5. Mastec Advanced Technologies<br>806 S. Douglas Road 10th Floor<br>Coral Gables, FL 33134 | Andrea Mayer<br>Tel: 518.406.7120<br>andrea.mayer@mastec.com | Trade Debt | | | | $144,851.21 |
| 6. Cogent Communications, Inc.<br>P.O. Box 791087<br>Baltimore, MD 21279-1087 | Kelli Raviele<br>Tel: 404.215.3221<br>kraviele@cogentco.com | Vendor | | | | $141,700.18 |
| 7. Spectrum Enterprise<br>PO Box 223085<br>Pittsburgh, PA 15251-2085 | Crystal Delarosa<br>Tel: 210.510.3712<br>crystal.delarosa1@charter.com | Vendor | | | | $138,550.40 |
| 8. Level 3 Communications, LLC<br>P.O. Box 910182<br>Denver, CO 80291-0182 | Tyler Zecker<br>Tel: 404.526.4480<br>tyler.Zecker@lumen.com | Vendor | | | | $91,918.80 |

Debtor    FIBERSPHERE COMMUNICATIONS LLC
                    Name                                                                              Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9. Securematics P.O. Box 742202 Los Angeles, CA 90074-2202 | Nancy Stratton Tel: 408.649.7992 nancy.stratton@securematics.com | Trade Debt | | | | $87,180.20 |
| 10. Crown Castle Fiber LLC PO Box 21926 New York, NY 10087-1926 | Ivana Cardona Tel: 786.701.7308 ivana.cardona@crowncastle.com | Vendor | | | | $67,553.38 |
| 11. Perfect 10 PO Box 841444 Dallas, TX 75284-1444 | Andrea Anderson Tel: 800.205.8620 ex 3109 andrea.anderson@perfect-vision.com | Trade Debt | | | | $62,960.69 |
| 12. FiberLight LLC PO Box 602526 Charlotte, NC 28260-2526 | Lisa Ledwith Tel: 678.573.6567 lisa.ledwith@fiberlight.com | Vendor | | | | $54,324.82 |
| 13. Regions Bank 6343 Rosewll Road NE Atlanta, GA 30328 | Mark Rohs Tel: 404.268.8697 Mark.rohs@regions.com | Trade Debt | | | | $53,348.24 |
| 14. Comcast Business P.O. Box 37601 Philadelphia, PA 19101-0601 | Oliver Velasquez Tel: 610.226.2149 Oliver_Velasquez@comcast.com | Vendor | | | | $52,392.63 |
| 15. TELX - Atlanta (Digital Realty) P.O. Box 419729 Boston, MA 02241-9729 | Adia Salas Tel: 415.825.0749 asalas@digitalrealty.com | Vendor | | | | $36,830.91 |
| 16. CenturyLink PO Box 91155 Seattle, WA 98111-2348 | Tyler Zecker Tel: 404.526.4480 tyler.Zecker@lumen.com | Vendor | | | | $34,097.28 |
| 17. Winncom Technologies Corp. PO Box 536658 Pittsburg, PA 15253-5908 | Ausra Gajdos Tel: 440.519.2983 a.gajdos@winncom.com | Vendor | | | | $31,940.14 |
| 18. Broadriver Communication 1000 Hemphill Ave., NW Atlanta, Ga 30318 | William Dearing Tel: 901.554.5845 wdearing@calltower.com | Vendor | | | | $31,268.72 |
| 19. Stalbird Properties LLC 14851 State Road 52 Suite 107-201 Hudson, FL 34669 | Matt Stalbird Tel: 813.310.2703 matt@stalbirdproperties.com | Trade Debt | | | | $31,218.79 |

Debtor  FIBERSPHERE COMMUNICATIONS LLC _____    Case number (if known)_____
           Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20. LTS Managed Technical Services LLC 6405 Mira Mesa Boulevard Suite 200 San Diego, CA 92121 | Michelle Melson Tel: 406.300.6197 michelle.nelson@ledcor.com | Trade Debt | | | | $30,382.02 |
| 21. Cologix, Inc PO BOX 732353 DALLAS, TX 75373-2353 | Summer May Tel: 720.940.2558 summer.s.may@cologix.com | Vendor | | | | $27,894.42 |
| 22. Portland NAP 921 SW Washington Suite 100 Portland, OR 97205 | kris@pittock.com | Vendor | | | | $25,500.00 |
| 23. CoreSite L.P. PO Box 74338 1001 17th Street Denver, CO 80202 | Erin Connolly Tel: 303.405.1009 Erina.connolly@coresite.com | Trade Debt | | | | $25,214.05 |
| 24. Wave Wholesale PO Box 31001-2714 Pasadena, CA 91110-2714 | Trish McGowan Tel: 844.910.8519 Trish.mcgowan@wavebroadband.com | Trade Debt | | | | $25,017.48 |
| 25. Ziply Fiber PO Box 740407 Cincinnati, OH b45274-0407 | Linda Larson Tel: 503.629.5181 Linda.larson@ziply.com | Trade Debt | | | | $24,108.41 |
| 26. Teksystems Global Services, LLC 7437 Race Road Hanover, MD 21076 | Vernon Jones Tel: 410.540.3039 vejones@teksystems.com | Trade Debt | | | | $24,000.00 |
| 27. BDO P.O. Box 642743 Pittsburgh, PA 15264-2743 | Paul Lundy Tel: 404.942.2910 plundy@bdo.com | Professional Services | | | | $21,498.50 |
| 28. Enterprise Fleet Mgmt Customer Billing PO Box 800089 Kansas City, MO 64180-0089 | Rachel Moss Tel: 314.274.4415 Rachel.moss@efleets.com | Trade Debt | | | | $21,231.37 |
| 29. Graybar Electric Company, Inc. 2050 Nancy Hanks Drive Norcross, GA 30074 | Kathy Lewis Tel: 678.291.5133 kathy.lewis@graybar.com | Vendor | | | | $20,144.52 |

Debtor   FIBERSPHERE COMMUNICATIONS LLC
         _____          Case number (*if known*)_____
              Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 | Marsh USA Inc. 1166 Avenue of the Americas New York, NY 10036 | Erick Cooper Tel: 404.502.9526 erick.cooper@marsh.com | Trade Debt | | | | $19,423.07 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FIBERSPHERE COMMUNICATIONS LLC | Case No. 23-_____ (___) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☐None [*check if applicable*]

Name:      GigaMonster Networks, LLC
Address:   350 Franklin Gateway, Suite 300
           Marietta, GA 30067

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FIBERSPHERE COMMUNICATIONS LLC | Case No. 23-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| GigaMonster Networks, LLC | 350 Franklin Gateway, Suite 300 Marietta, GA 30067 | 100% |

DOCS_DE:241707.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FIBERSPHERE COMMUNICATIONS LLC | Case No. 23-_____  (___) |
| Debtor. | |

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: GigaMonster Networks, LLC (2854); Gigasphere Holdings LLC (0250); GigaMonster, LLC (3014); Fibersphere Communications LLC (0163); and Fibersphere Communications of California LLC (5088). The Debtors' business address is 350 Franklin Gateway, Suite 300, Marietta, GA 30067.

**Fill in this information to identify the case:**

Debtor name    **Fibersphere Communications LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration    **Corporate Ownership Statement, List of Equity Holders, Creditor Matrix Verification**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 16, 2023**    X **/s/ Rian Branning**
_____
Signature of individual signing on behalf of debtor

**Rian Branning**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

Official Form 202    Declaration Under Penalty of Perjury for Non-Individual Debtors